No. 23,036.

THE KANSAS HARDWARE COMPANY, *Appellant*, v. MARY FREEMAN, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT—*To Install Heating Plant—Injury to Player Piano—Breach of Contract—Damages.* The proceedings in an action for breach of a contract to install a heating plant of guaranteed capacity, examined, and *held,* injury to a player piano, occasioned by overheating the furnace in an unsuccessful effort to make it fulfill the guaranty, resulted proximately from breach of the contract.

2. SAME—*Rule Relating to Minimizing Damages.* Under circumstances disclosed by the evidence, the rule relating to minimizing damages did not preclude recovery.

3. SAME—*Improper Elements of Damages.* The contract required the contractor to install the heating plant, but did not require him to replace a portion of a foundation wall which it was necessary to remove in order to install the plant, and the work was not negligently done. *Held,* the contractor was not liable in damages for settling of the house caused by removal of the wall.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1921. Affirmed.

*R. L. Hamilton, C. L. Kagey,* and *Omer D. Smith,* all of Beloit, for the appellant.

*R. M. Anderson,* of Beloit, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the balance due on a contract for installation of a heating plant in the defendant's house. The defendant counterclaimed damages, and judgment was rendered in her favor. The plaintiff appeals. The defendant also appeals from disallowance of certain items of her counterclaim.

The contract contained a guaranty that the heating plant would meet certain requirements. In an unsuccessful effort to demonstrate efficiency of the plant, the plaintiff caused the furnace to be heated intensely. In an unsuccessful effort to make the plant warm the house the defendant also caused the furnace to be heated intensely. It was then discovered that a player piano, standing in a room above the furnace room and at a place directly over the furnace, had been injured by the overheating. The defendant was allowed damages for injury to the instrument, and it is said the damages were too remote. The court is of the opinion the damages resulted proximately from breach of the contract. It is said further the defendant might have prevented injury to the piano by removing it to another place. The defendant was not obliged to anticipate that the furnace could not be made to fulfill the purpose for which it was installed without injury to the instrument. As soon as the injury suffered was discovered, further damage was prevented by employing a man to overhaul the plant.

The contract provided that the plaintiff would do certain excavating in the furnace room, and would furnish the labor and material necessary to install the plant. In order to install the plant, it was necessary to remove several feet of basement wall which furnished support for the building to be heated. The plaintiff removed the wall, but did not restore it. Afterwards the building settled, and the defendant claimed damages for injury to the building. The contract did not require the

plaintiff to restore the wall. It is not claimed the plaintiff was guilty of any negligence, and if the defendant desired the wall replaced, she should have rebuilt it at her own expense.

The court properly disallowed an item of the counterclaim relating to extra coal used in trying to make the plant heat the house, because definite evidence was not produced from which the quantity of extra coal could be computed.

The judgment of the district court is affirmed.